■ PHILLIP WILLIAMS, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination unanimously annulled, on the law and facts, with costs and petition granted. Memorandum: The denial of request of petitioner for a special grant for moving expense pursuant to department regulation 18 NYCRR 352.6(a) was arbitrary and capricious, there being no rational basis in the record to sustain such determination (Matter of Howard v. Wyman, 28 N Y 2d 434). That regulation refers only to a dual criteria to be met before the department shall be required to pay recipient's household moving expense, i.e., (a) that a change of residence is necessary; and (b) that other means are not available for payment of such expense. On the instant record, the necessity for petitioner's removal for reasons of his children's health was not, nor could it be, seriously disputed; nor was the reasonableness of the change of residence challenged. Respondent's determination, premised upon a finding that by reason of petitioner's personal borrowing to cover his moving expense " other means " were available, foreclosing grant of the requested award, cannot be sustained. Both the Legislature and the New York State Department of Social Services have established guidelines for the payment of certain

necessary and fundamental living expenses. The record here reflects a situation wherein petitioner requested relief pursuant to a clear and concise regulatory provision relative to moving expenses, the reasonableness of which is not here in issue. Absent some proof supporting respondent's determination that other means are available to pay for these expenses, it becomes incumbent upon the department to reimburse petitioner for the entire amount requested. The sole reason for incurring the personal debts by petitioner to pay the expenses for which reimbursement is here sought was the wrongful refusal of the agency to comply with subdivision (a) of section 352.6 of its regulations. Such boot-strap rationale, as urged by respondent to sustain the determination herein, ignores the reality of the situation and is without merit. Accordingly, the determination of the respondent is annulled and the relief sought in the petition granted. (Review of determination denying moving expenses, transferred by order of Erie Special Term.) Present — Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.