■ In the Matter of MARGHERITA REZOAGLI, by Her Guardian ad Litem, AGATHA BATTAGLIA, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated June 12, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance for the period of her residence at the Central Island Nursing Home. Petition granted, determination annulled, on the law, without costs or disbursements, and the local agency is directed to grant the application for medical assistance and to pay Central Island Nursing Home the amount of $1,150 for the period of

October 9, 1975 to November 1, 1975. The State commissioner's finding that petitioner did not require skilled nursing care in a nursing home facility and thus was not eligible for medical assistance for her confinement in Central Island Nursing Home is not supported by substantial evidence. The bases of the finding were: (1) a form filled out by petitioner's physician in which he erroneously marked the box recommending "health related facility"; and (2) a caseworker's report containing a similar recommendation based on an interview with someone alleged to have been "charge nurse" at Central Island Nursing Home. Petitioner submitted adequate documentation, proving that her physician had erroneously and inadvertently checked the wrong box and that he subsequently submitted an amended form stating that petitioner required skilled nursing care at a nursing home facility for the period in dispute. The caseworker's report contained nothing but hearsay. The local agency did not produce the maker of this report and petitioner had no opportunity to cross-examine anyone with personal knowledge of the facts contained in the report. Although administrative hearings are not limited to strict court rules with respect to the reception of evidence, it is nonetheless basic that the determination "must be supported by *some* substantial evidence which is acceptable in a court of law" (see *Matter of Roach v Toia*, 58 AD2d 652, 653). Evidence of the type found here does not even approach minimum standards of fairness. The State commissioner's affirmation of the local agency's denial of medical assistance on the ground that petitioner did not wait for approval prior to her admission into Central Island Nursing Home pursuant to 18 NYCRR 505.9 (b), ignored the reality of the situation. The totality of the record substantiates petitioner's immediate need for skilled nursing care. Petitioner was faced with two options: either accept the available bed at the Central Island Nursing Home prior to the local agency's approval or lose the bed to another applicant and have Central Island Nursing Home place her application for admission at the end of a six-month waiting list. The State commissioner's "doctrinaire disposition would recognize no claim as valid in which the exigencies of the moment demand immediate relief, and wherein the niceties of protocol must bow to stark reality" (see *Matter of La Porte v Berger,* 57 AD2d 425, 427; *Matter of Shafran v Smith,* 60 AD2d 581; *Williams v Lavine,* 47 AD2d 804). The denial on this ground is arbitrary and capricious. Accordingly, the petition should be granted. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.